■ In the Matter of EXCELSIOR COLLEGE, Appellant, v NEW YORK STATE EDUCATION DEPARTMENT et al., Respondents. [761 NYS2d 700] —Carpinello, J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered July 24, 2002 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Education Department denying petitioner certain state aid.

Petitioner in this CPLR article 78 proceeding is an independent, not-for-profit education corporation chartered by the State Board of Regents and authorized to confer Associate, Baccalaureate and Master's degrees upon qualified candidates. It appeals from Supreme Court's dismissal of its petition challenging respondents' determination that its external degree programs were ineligible for state-funded "Bundy Aid" intended for private colleges (*see* Education Law § 6401). Having

examined each of petitioner's arguments, including its core contention that the determination was arbitrary and capricious, we find no basis for disagreeing with Supreme Court's thorough and well-reasoned decision and, accordingly, we affirm.

In reaching our determination, we need not delve into the legislative history behind Education Law § 6401 since we find its meaning plain (*see Finger Lakes Racing Assn. v New York State Racing & Wagering Bd.*, 45 NY2d 471, 480 [1978]). Nor need we concern ourselves with the applicability of regulations promulgated pursuant thereto. The clear language of the statute indicates that the state aid at issue is intended for private institutions of "higher education" (Education Law § 6401 [1], [2] [a] [iii]). In this context, we find nothing irrational in respondents' conclusion that petitioner's "external degree program does not provide education, but rather validates education obtained by the candidate. Bundy Aid is designed to support independent institutions that are actually providing an educational program to students."

The record clearly reflects that the degrees at issue are awarded by petitioner based upon examinations it administers and an "assessment" of the applicant's aggregate lifetime learning experiences, which can include formal study at accredited colleges, noncollegiate training sponsored by government, industry and the military and other nontraditional learning experiences. Significantly, however, petitioner acknowledges that "it does not offer an instructional program" for its degree applicants. In its own words, it is an "evaluator" of educational experiences, not a provider of collegiate instruction.

We recognize petitioner's argument that some private colleges which are authorized to receive Bundy Aid do, in fact, award degrees which can be based, in part, on a combination of credits earned at other institutions, independent study, on-line courses and assessment of prior learning. However, none of those institutions awards degrees based *exclusively* on proficiency examinations and assessment of lifetime learning experiences. In short, all of these other institutions provide at least some instruction and none fits within petitioner's self description of being a noninstructional *"credentialer* for * * * experienced adult learners"* (emphasis added). There being a clear statutorily based distinction between petitioner and the other institutions receiving the state aid at issue, we find no error of law in the challenged determination.

Crew III, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.